IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHUCK & LISA TOWE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:23-CV-537 |
| § | |
| AMERICAN ECONOMY INSURANCE CO., § | |
| § | |
| Defendant. § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

   **COMES NOW, CHUCK & LISA TOWE,** Plaintiffs in the above-captioned and numbered cause, and file this, their Original Complaint, and, in support thereof, would respectfully show unto the Court as follows —

### I.

### PARTIES

1.   **CHUCK & LISA TOWE** are individuals residing in the Eastern District of Texas.

2.   **AMERICAN ECONOMY INSURANCE COMPANY** ("**AEIC**") is a foreign property & casualty insurance company with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. It may be served through its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (West 2023) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas.  Specifically, **AEIC** issued & delivered the insurance contract in question in the Eastern District of Texas; the property insured is located in the Eastern District of Texas; the incident made the basis of this suit occurred in the Eastern District of Texas and the violations of the agreement & the Texas Insurance Code occurred in the Eastern District of Texas.

## III.

## FACTUAL BACKGROUND

5. On or about April 26, 2023, a hail storm ravaged the home of **CHUCK & LISA TOWE** in Henderson, Rusk County, Texas.

6. The storm destroyed the roof of the home of **CHUCK & LISA TOWE,** forced an opening into the home and allowed wind and water to damage the interior.

7. At the time of the incident, **AEIC** insured **CHUCK & LISA TOWE**. against the risk of storm damage pursuant to a policy of homeowners' insurance bearing policy number OY8093118 (the "Policy").

8. In the Policy, **AEIC** expressly covenanted that it would "cover accidental direct physical loss . . . except as limited or excluded."

9. On April 27, 2023, **CHUCK & LISA TOWE** notified **AEIC** of the damage to the home and requested the indemnity for which they paid.

10. On April 27, 2023, **AEIC** opened a claim and assigned it Claim No. 053313078 (the "Claim").

11. On May 4, 2023, **AEIC** inspected the home and observed the damage inflicted by the storm.

12. Although it paid for damages to the window, HVAC, fence and interior, **AEIC** refused to cover the obvious physical loss to the roof.

13. On May 8, 2023, **AEIC** rejected **CHUCK & LISA TOWE's** claim for damage to their roof.

14. **AEIC** expressly represented to **CHUCK & LISA TOWE** that "Coverage for your roof is not a covered loss due to a previous claim for a roof replacement not being completed."

15. More particularly, **AEIC** represented to **CHUCK & LISA TOWE** that their failure to replace their roof after a windstorm in 2020 somehow violated the Policy's "Duties After Loss" provision.

16. In truth, **CHUCK & LISA TOWE** fully complied with their obligations under the "Duties After Loss" provision.

17. Most obviously, the Policy imposed no "Duties After Loss" prior to its inception in August of 2022 and in no way required **CHUCK & LISA TOWE** to replace their roof in 2020.

18. In any event, *AEIC* has made no showing that the hail storm of 2023 would not have destroyed the roof of *CHUCK & LISA TOWE* even if it had been fully replaced in 2020.

19. Nonetheless, despite receipt of all items, statements and forms reasonably requested & required, *AEIC* has never paid the roof portion of the Claim.

20. Deprived of the protection *AEIC* covenanted to provide, *CHUCK & LISA TOWE* paid $17,470.02 to replace the roof.

## IV.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

21. *CHUCK & LISA TOWE* would show the Court that *AEIC* covenanted to pay the reasonable cost to repair "direct physical loss" to the home unless "limited" or "excluded" by the Policy.

22. The destruction of *CHUCK & LISA TOWE's* roof is not "limited" or "excluded" by the Policy.

23. *CHUCK & LISA TOWE* have complied with all conditions precedent to the filing of this action.

24. *AEIC's* failure to pay benefits under the policy is a material breach of the agreement which was not excused by any prior, material breach by *CHUCK & LISA TOWE*.

**B.**

**TEXAS INSURANCE CODE VIOLATIONS**

25. ***CHUCK & LISA TOWE*** would further show the Court that ***AEIC*** violated the Texas Insurance Code by failing to —

    (a)   Pay the Claim within sixty (60) days after its receipt of all items, statements and forms required by it to secure final proof of loss and

    (b)   Attempt in good faith to effectuate a prompt, fair and equitable settlement of the Claim after its liability had become reasonably clear.

    TEX. INS. CODE. §§ 542.056, 541.060(a)(2), (4) (West 2023).

26. ***CHUCK & LISA TOWE*** would further show the Court that ***AEIC*** misrepresented the terms of the Policy by making untrue statements of material fact and material misstatements of the law in violation of Texas Insurance Code § 541.061(1), (4).

27. ***CHUCK & LISA TOWE*** would further show the Court that ***AEIC*** acted knowingly and without regard for the law or the contract such that treble damages should be awarded for its violations of the law.

**V.**

**_DAMAGES_**

28. ***CHUCK & LISA TOWE*** seek to recover the full $17,470.02 cost to replace the roof destroyed by the storm, treble damages and all reasonable attorney's fees & costs of court incurred in this case.

29.  **CHUCK & LISA TOWE** further seek statutory interest of 18% per annum for **AEIC's** failure to pay the Claim within sixty (60) days of its receipt of the items, statements and forms it requested.

**WHEREFORE, PREMISES CONSIDERED**, **CHUCK & LISA TOWE** respectfully pray that **AMERICAN ECONOMY INSURANCE COMPANY** be cited to appear and answer their allegations and that, upon final adjudication it be ordered to pay all damages to which they are justly entitled. **CHUCK & LISA TOWE** further pray for such other such other relief to which they may be entitled both at law and in equity.

Respectfully submitted,

/s/ *James Holmes*

James A. Holmes
Texas Bar No. 00784290

### THE LAW OFFICE OF JAMES HOLMES, P.C.

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

**ATTORNEY FOR PLAINTIFFS**

